# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Case No.:<br>)<br>) COMPLAINT |
| v. | )<br>) JURY TRIAL |
| DIVINE BOILING GROUP, LLC D/B/A CRAB KNIGHT | ) DEMAND<br>)<br>) |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a) (the "ADEA"). Plaintiff, the U.S. Equal Employment Opportunity Commission alleges that Defendant Divine Boiling Group, LLC, d/b/a "Crab Knight," discriminated against Charging Party Barbara Fraind when it terminated her because of her age in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 623(a)(1), 29 U.S.C.§ 626 (b) and (c), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA", as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 82 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. The Defendant Divine Boiling Group, LLC, d/b/a "Crab Knight," ("Crab Knight" or "Defendant"), a Florida corporation, owns and operates a seafood restaurant in Daytona Beach, Florida called "Crab Knight".

5. At all relevant times, Crab Knight has continuously been doing business in the State of Florida and the City of Daytona Beach and has continuously had at least 20 employees.

6. At all relevant times, Crab Knight has been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Ms. Barbara Fraind ("Ms. Fraind" or "Charging Party") filed a charge with the Commission against Crab Knight alleging age discrimination in violation of the ADEA.

8. The Commission sent Crab Knight notice of Ms. Fraind's discrimination charge.

9. On January 4, 2024, the Commission issued to Crab Knight a Letter of Determination finding reasonable cause to believe that it discriminated against Ms. Fraind because of her age.

10. The Commission's representatives attempted to eliminate discriminatory practices and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(d).

11. On March 20, 2024, the Commission issued to Crab Knight, a Notice of Failure of Conciliation advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Crab Knight is a family-style seafood restaurant located in Daytona Beach, Florida.

14. In September 2022, Ms. Fraind was interviewed and hired as an Assistant Manager by Crab Knight's General Manager, Talisha Dewy. Ms. Fraind was 57 years old.

15. Ms. Fraind and Ms. Dewy worked under the Kitchen Manager, Ling Zheng (a/k/a "Za"). Za had authority to fire or otherwise affect the terms of Ms. Fraind's employment at Crab Knight.

16. Over the next few weeks, Ms. Fraind performed the Assistant Manager duties without complaint and often received praise from other front of house employees, including from her direct manager Ms. Dewy.

17. On October 19, 2022, Ms. Dewy contacted Ms. Fraind to tell her that she was being terminated from Crab Knight.

18. Ms. Dewy informed Ms. Fraind that Za wanted to replace Ms. Fraind with someone younger, stating that Ms. Fraind was "too old.".

19. On October 20, 2022, when Ms. Fraind returned to Crab Knight to gather her personal items, Za again told Ms. Fraind that she was fired.

20. Soon after Ms. Fraind's termination, Crab Knight replaced her position with a younger employee.

21. As a result of Crab Knight's unlawful employment practices, Ms. Fraind suffered damages.

## STATEMENT OF CLAIMS

### COUNT I
### (ADEA)

22. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-21 of this Complaint as fully set forth herein.

23. Defendant has intentionally discriminated against Ms. Fraind by terminating her because of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

24. The unlawful employment practices complained of in paragraphs 1-21 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices which discriminate against employees on the basis of age;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C. Grant a judgment requiring Defendant to pay approximate back wages in an amount to be determined at trial, an equal sum of liquidated damages, and pre-judgment interest to Ms. Fraind as a result of the acts complained of above;

D. Order Defendant to make whole Ms. Fraind who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including but not limited to, reinstatement for Ms. Fraind and/or front pay;

E. Grant such further relief as the Court deems necessary and proper in the public interest; and

F. Award the Commission is costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: September 20, 2024

Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

KARLA GILBRIDE
General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

KRISTEN M. FOSLID
Regional Attorney
Florida Bar No. 0688681
Kristen.Foslid@eeoc.gov

BEATRIZ BISCARDI ANDRE
Assistant Regional Attorney
New York Bar No. 4394599
Beatriz.Andre@eeoc.gov

*/s/ Sabarish Neelakanta*
SABARISH P. NEELAKANTA
Lead Attorney
Florida Bar No. 26623
Sabarish.Neelakanta@eeoc.gov
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
T: (786) 648-5843 | F: (305) 808-1835

*Counsel for Plaintiff*, EEOC
